**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHEN KOSLA, | ) | CASE NO: 5:25-cv-00070 |
| | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| FLEX TECHNOLOGIES, INC., *et al.*, | ) | (Resolves Doc. 18) |
| | ) | |
| Defendants. | ) | |
| | ) | |

The matter before the Court is the *Plaintiff's Motion for Leave to Amend the Complaint* (the "Motion") filed by Plaintiff Stephen Kosla ("Plaintiff") (Doc. 18) wherein he requests leave to file an amended complaint that adds two additional counts for retaliation and interference under the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendants filed their opposition to the Motion (Doc. 19) and Plaintiff filed an additional reply (Doc. 22).

For the reasons set forth herein, the Motion is DENIED.

I.     FACTS

Plaintiff initiated this case in January 2025. He asserts claims of disability discrimination under the Americans with Disabilities Act ("ADA") and Ohio law (Counts One and Three), failure to accommodate under the ADA and Ohio law (Counts Two and Four), aiding and abetting discrimination (Count Five), retaliation (Count Six), Family and Medical Leave Act ("FMLA") interference (Count Seven), and FMLA retaliation (Count Eight). Am. Compl., Doc. 2. The claims follow Plaintiff's employment with Defendant Flex Technologies from May 2005 to September 2024. Am. Compl., ¶¶ 16, 33. Plaintiff indicates he developed cancer in 2019. *Id.*, ¶ 17. He received

1

treatment and the cancer was then in remission until 2023, when he claims the cancer returned and required absences from work for testing and appointments. *Id.*, ¶¶ 18–22. He alleges that, in September 2024, he informed Defendant Tetreault that his cancer had advanced, and within days, he was demoted from his management position and Defendant Tetreault admitted that his cancer was a factor in the demotion decision. *Id.*, ¶¶ 24–27.  Plaintiff claims he was then terminated on September 19, 2024, after requesting accommodations that would limit him to local travel only (rather than overnight trips) and provide for regular breaks in the work day to attend cancer treatments. *Id.*, ¶¶ 30–33. Defendants filed their answer (Doc. 6) and the Court held a Case Management Conference on April 30, 2025. *See Minutes of Proceedings*, docket entry dated April 30, 2025. There, the Court assigned May 30, 2025 as the deadline to amend pleadings and November 14, 2025 as the discovery deadline. Doc. 10. Just before the close of discovery, Plaintiff filed this Motion, wherein he seeks permission to pursue additional claims of retaliation and interference under ERISA, due to information learned during the deposition of non-party Steve Henney. Doc. 18.

## II.     LAW AND ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. In part, it states that a party may only amend a pleading with consent or leave of court, and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, when the motion to amend is filed after the deadline set by the scheduling order, a movant must first demonstrate "good cause" for the late amendment. Fed. R. Civ. P. 16(b)(4); *Korn v. Paul Revere Life. Ins. Co.*, 382 F. Appx. 443, 449 (6th Cir. 2010). The primary measure is whether movant was diligent in attempting to meet the case management order's requirements, but the Court also considers possible prejudice to the opposing party. *Commerce Benefits Group, Inc. v. McKesson Corp.*, 326

F. Appx. 369, 377 (6th Cir. 2009) (internal quotation marks and citation omitted). If the Court finds good cause under Rule 16(b)(4), it then considers whether justice requires the amendment under Rule 15(a). *Id.* at 376. The factors considered under Rule 15(a) include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. GMC*, 346 F.3d 766, 770 (6th Cir. 2008).

The deadline to amend in this case was May 30, 2025. Doc. 10. Plaintiff alleges that he was not aware of the factual basis for the proposed ERISA causes of action until October 29, 2025, when Sales Manager Steve Henney testified that Defendant Flex Technologies has a self-funded insurance plan, and it tracks each employee's annual costs to the plan. Doc. 18 at p. 3. Plaintiff claims that this discovery, plus the documents produced thereafter, formed the basis of his claims that his termination was due to the cost of his cancer treatments, thus constituting the new ERISA retaliation and interference claims. *Id.* at pp. 3–4. Conversely, Defendants claim Plaintiff was not diligent and therefore has not shown good cause for the additional claims, because his belief about the cause of his termination was not new but rather formed after phone calls with Defendant Flex Technologies' former president, Mr. Burket, while Plaintiff was still employed. Doc. 19 at p. 3. Plaintiff's testimony, obtained on October 2, 2025, indicated Mr. Burket called him in 2022 or 2023 to ask about Plaintiff's wife [covered under Defendant Flex Technologies' insurance plan]; specifically, Mr. Burket wanted to know how many more surgeries Plaintiff's wife was expected to undergo. Kosla Dep., Doc. 19-1, at pp. 6–7. He additionally testified that this call was the only reason he believes Defendant Flex Technologies terminated him due to the costs of his cancer treatment. *Id.*

The elements of an ERISA retaliation case include: "[the plaintiff] was engaged in an activity that ERISA protects, [they] suffered an adverse employment action, and a causal link exists between [the] protected activity and the employer's adverse action." *Hamilton v. Starcom Mediavest Grp.*, 522 F.3d 623, 628 (6th Cir. 2008). The elements of an ERISA interference claim require plaintiff to show "prohibited employer conduct, taken for the purpose of interfering, with the attainment of any right to which the employee may become entitled." *Bailey v. United States Enrichment Corp.*, 530 F. Appx. 471, 477 (6th Cir. 2013) (internal quotation marks and citation omitted).

Plaintiff's own testimony shows that he believed (or had the information to form the belief) that he was terminated due to medical costs as soon as he was terminated in 2024. He remained insured by the company during his employment and the crux of his belief was the conversation with Mr. Burket in 2022 or 2023, years before this action was initiated. While it is reasonable that the additional information obtained during the deposition of Steve Henney may have strengthened Plaintiff's belief about the cause of his termination, these details were not necessary to Plaintiff making initial claims of ERISA retaliation and interference. The discovery that Defendant Flex Technologies is self-insured and kept a list of individual costs to the plan had no bearing on Plaintiff's ability to plead these claims. Plaintiff was aware he had employer-sponsored health, disability, and life insurance. *Kosla Dep.* at p. 5. This was enough information to plead he was protected under ERISA. *See Hagan v. Northwestern Mut. Life Ins. Co.*, No. 3:15-cv-00298-CRS, 2016 U.S. Dist. LEXIS 12736, at *5 (W.D. Ky. Feb. 3, 2016) ("An ERISA plan is defined as a plan, fund, or program that an employer established or maintained for the purpose of providing certain benefits, including disability benefits, to its participants.")

4

The facts as presented here indicate Plaintiff was not diligent in his attempt to meet the requirements of the Court's Case Management Conference Plan. He had enough information prior to filing this case to plead the ERISA claims of retaliation and interference. Accordingly, the Court finds he has not shown good cause for bringing additional claims or altering the scheduling order.

### III.      CONCLUSION

For the reasons stated above, the *Plaintiff's Motion for Leave to Amend the Complaint* (Doc. 18) is DENIED.

IT IS SO ORDERED.


December 29, 2025
Date

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE